OPINION OF THE COURT
David J. Kaplan, J.
Petitioner commenced the within holdover proceeding to recover possession of apartment No. 1 located at 518 East 13th Street, New York, New York. Petitioner alleges that the term of respondent’s lease expired on January 31, 2008 and that there is no obligation to offer a lease renewal as the apartment is not subject to rent regulation. Respondent’s answer denied petitioner’s allegations; in addition, respondent’s answer interposed an affirmative defense that the apartment is subject to rent regulation in the form of rent stabilization and a counterclaim for rent overcharges. Respondent now moves for summary judgment dismissing the proceeding and for a hearing to determine the amount of the overcharge as well as for an award of attorney’s fees. Petitioner opposes the motion and cross-moves for summary judgment in its favor. The motions are consolidated for disposition.
Respondent entered into possession of the premises by a two-year lease dated January 27, 2004. The lease, in a signed annexed rider, provided that:
“The tenant is hereby placed on notice that the above referenced apartment is subject to the Rent Stabilization Law only by reason of the Tax Abatement granted pursuant to section J-51 of the administrative code of the City of New York. These benefits expire on July 01, 2012 pursuant to section 289 of the laws of 1985, at the expiration of the lease in effect on this date, the apartment occupied by you will no longer be subject to Rent Stabilization Law.”
Upon expiration of that lease, the parties entered into a rent-stabilized renewal lease for the period of February 2006 through January 2008. The apartment was also registered with the Division of Housing and Community Renewal (DHCR) as rent stabilized throughout respondent’s tenancy. The parties continued to recognize the apartment as rent stabilized up until petitioner refused to renew the lease that expired January 31, 2008. In fact, petitioner even petitioned DHCR to have the *448 premises removed from rent stabilization based on high income rent deregulation in 2007. However, said application was denied when petitioner failed to provide the agency with supplemental documentation (see DHCR docket No. ZVF-411-811-LD [order denying petition dated May 20, 2008]). Notably, the DHCR order denying the petition indicated that “the building has received tax benefits pursuant to the J-51 tax program” (id.).
Petitioner now argues that the signers of the 2004 and 2006 leases were mistaken in their belief that the premises were subject to rent stabilization. Certainly, it is not the use of a rent-stabilized lease form that makes an apartment subject to rent regulation. Rather, “[i]n determining whether a dwelling unit is subject to rent regulation . . . what is controlling is whether the premises meet the statutory criteria for protection under the applicable regulatory statute.” (546 W. 156th St. HDFC v Smalls, 43 AD3d 7, 12 [1st Dept 2007].)
Petitioner argues that J-51 tax abatements only give rise to rendering an apartment rent stabilized when “substantial rehabilitation” occurs. Petitioner acknowledges that “three (3) separate [J-51] tax abatements . . . are still in effect” but claims that they are for “routine and perfunctory improvements” and thus do not give rise to rent stabilization coverage (petitioner’s mem of law at 10). Contrary to petitioner’s argument, the J-51 statute is not that limiting and nor is it even clear that the abatement covered work that should be described as “perfunctory.” Rather, the rent stabilization laws apply to “[d]welling units in a building or structure receiving the benefits of section 11-243 or section 11-244 [collectively the J-51 tax statute] of the code . . . not owned as a cooperative or as a condominium” (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504 [c]; see also Rent Stabilization Code [9 NYCRR] § 2520.11 [housing regulated under rent stabilization laws is subject to the provisions of the Rent Stabilization Code]). There is no reference to a “substantial rehabilitation” requirement as a prerequisite to rent stabilization coverage by virtue of J-51 in the Rent Stabilization Law or Code.[1] To be certain, the J-51 tax statute specifically provides that its benefits shall not apply
“to any existing dwelling which is not subject to the provisions of the emergency housing rent control law or to the city rent and rehabilitation law or to *449 the city rent stabilization law or to the private housing finance law or to any federal law providing for supervision or regulation by the United States department of housing and urban development” (Administrative Code of City of NY § 11-243 [i] [1]).
Thus, petitioner could not obtain the benefits of the J-51 program without acquiescing to subjecting its building to rent stabilization.
Accordingly, the premises are in fact subject to rent stabilization as petitioner is admittedly the beneficiary of a J-51 tax abatement pursuant to Administrative Code § 11-243.[2] As such, this proceeding must be dismissed since petitioner was required to, yet failed to, offer respondent a renewal lease in accordance with Rent Stabilization Code § 2523.5. To the extent that respondent seeks summary judgment on a rent overcharge claim, the court severs that claim for a plenary proceeding as respondent has commenced a rent overcharge claim before DHCR (see LoGuidice affirmation in support of motion for summary judgment 1Í 8).[3] Finally, respondent, as the prevailing party on the merits, is awarded reasonable attorney’s fees pursuant to paragraph 20 of the lease and Real Property Law § 234. The case is hereby set down for a legal fees’ hearing on October 23, 2008 in Part A, Room 523 at 9:30 a.m.

. Petitioner’s reliance on the use of the words “substantial rehabilitation” in portions of the J-51 statute is taken out of context and otherwise runs contrary to the plain language of the enabling statute.

. The court need not, and does not, address respondent’s argument that the premises are subject to rent stabilization on other grounds.

. Respondent’s breach of warranty of habitability claim is also severed without prejudice as the parties have failed to address it in the present motions.